USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAN XIN ZHANG, ET AL.,

                Plaintiffs,

- against -

GREAT SICHUAN ON 3RD AVE, INC., ET AL.

                Defendants.

---

15-cv-4558 (JGK)

MEMORANDUM OPINION & ORDER

JOHN G. KOELTL, District Judge:

For the reasons stated on the record at the argument held on September 25, 2018, the plaintiffs' motion for summary judgment is **granted in part and denied in part**, and the defendants' motion for summary judgment is **denied**.

While in Court, after the Court issued its Order on the record, the defendant argued that Exhibits R, S, and T are wage notices that were provided by the defendants to the plaintiffs as required by New York's Wage Theft Prevention Act ("WTPA"), N.Y. Lab. L. § 195. The defendant contends that these exhibits raise a genuine issue of material fact over whether the defendants provided the plaintiffs with the required wage notices. The plaintiff responds that these notices are insufficient under the WTPA.

The WTPA requires employers to provide employees with a wage notice containing information such as rate of pay and tip allowances. See Camara v. Kenner, No. 16cv7078, 2018 WL 1596195,

at *9 (S.D.N.Y. Mar. 29, 2018). This notice must be given at the time of hiring and annually on or before the first of February thereafter. Id. This wage notice must be written "in English and in the language identified by each employee as the primary language of such employee," and inform the employees of, among other things, their pay rates, whether they are paid hourly, any allowances claimed, the employer's name, address, and telephone number, and the employee's regular pay date. N.Y. Lab. L. § 195(1)(a). For plaintiffs hired before the WTPA took effect on April 9, 2011, the failure to provide a wage notice upon hiring is insufficient to support a WTPA claim because the Second Circuit Court of Appeals has held that the WTPA does not apply retroactively. See also Cucu v. 861 Rest. Inc., No. 14cv1235, 2017 WL 2389694, at *6 (citing Gold v. N.Y. Life Ins. Co., 730 F.3d 137, 143-44 (2d Cir. 2013)).

Plaintiffs Zhang and Zhao both began working for the restaurant in 2010, and therefore were not entitled to wage and hour notices until February 1, 2012 -- the first February after the WTPA was passed. Zhang Decl. ¶ 2; Zhao Decl. ¶ 2; see Cucu, 2017 WL 2389694, at *6. Du, on the other hand, began working for the restaurant in February 2013 and was therefore entitled to a wage and hour notice when he began employment. Du Decl. ¶ 2. All three plaintiffs claim that they never received a proper wage

2

and hour notice under the WTPA. Id. ¶ 4; Zhang Decl. ¶ 5; Zhao Decl. ¶ 5.

The defendants contend that Exhibits R, S, and T show that the plaintiffs received wage and hour notices. Exhibits R, S, and T actually contain two forms -- a Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law (the "Notice"), and a Compensation Receipt Acknowledgement. These documents are insufficient to show compliance with the WTPA. It is plain that in each case, the Notice does not state whether the plaintiffs were "paid by the hour, shift, day, week, salary, piece, commission, or other," and the documents do not state the plaintiffs' "regular pay day," as is required by the WTPA. See N.Y. Lab. L. § 195(a)(1); 12 N.Y.C.R.R. § 146-2.2.

Because these documents do not fully comply with the WTPA, the plaintiffs are entitled to summary judgment on their claim that the defendants did not provide proper wage and hour notices under the WTPA.

The remainder of the parties' claims were addressed in Court on September 25, 2018 on the record. The Clerk is directed to close **Docket Nos. 63 and 76**.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 26, 2018**

_____
John G. Koeltl
United States District Judge

4