UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————

JIAN XIN ZHANG ET AL.,

                    **Plaintiffs,**          15-cv-4558 (JGK)

      - against -                 ORDER

GREAT SICHUAN ON 3RD AVE., INC. ET
AL.,

                    **Defendants.**

—————————————————————————

JOHN G. KOELTL, District Judge:

    The plaintiffs have failed to comply with the requirements necessary to obtain a default judgment against the allegedly defaulting defendants. To the extent that any of the defendants have failed to respond to the summons and complaint, or have otherwise failed to appear (such as by a corporate defendant failing to appear by counsel), the plaintiffs should obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ P. 55(a); Local Civil Rule 55.1. Thereafter, the plaintiff should apply to this Court by Order to Show for a Default Judgment supported by the Clerk's Certificate of Default. See Fed. R. Civ. P. 55(b); Local Civil Rule 55.2. The plaintiff should also consult this Court's Rules with respect to the entry of Default Judgments, a copy of which is attached.

    A review of the docket indicates that the plaintiffs obtained certificates of default from the Clerk with respect to Run Lu Zhuai and Chang Guo Yang, but failed to proceed by order to show cause for the entry of a default judgment. See ECF Nos.

131, 132. The plaintiff now seeks to obtain a default judgment against numerous other defendants.

The plaintiff should obtain certificates of default from the Clerk with respect to all defendants from whom the plaintiff seeks a default judgment. The plaintiff should then move by Order to Show Cause before this Court for a default judgment. The Order to Show Cause should be supported by an affidavit with the attached certificates of default. The plaintiff should move by Order to Show Cause for a Default Judgment against all defendant from whom the plaintiffs seek such a default judgment by May 20.  If the plaintiff fails to move by Order to Show Cause for a default judgment by that date, this case may be dismissed for failure to prosecute.

The Clerk is directed to mail a copy of this Order to the pro se parties and to note service in the docket.

**SO ORDERED.**
**Dated:**    **New York, New York**
         **May 2, 2022**

                                   **John G. Koeltl**
                           **United States District Judge**

May 28, 2020

## INDIVIDUAL PRACTICES OF JUDGE JOHN G. KOELTL

Unless otherwise ordered by Judge Koeltl, matters before Judge Koeltl shall be conducted in accordance with the following practices:

### I.  Communications with Chambers

**A.     Letters.**  Except as otherwise provided below, communications with the Court should be by letter, with copies simultaneously delivered to all counsel. **Letters should be filed electronically on ECF,** unless there is a request to file a letter under seal or a letter contains sensitive or confidential information. For instructions on how to file electronically under seal, see Section 6 below. Courtesy copies are no longer accepted.  Whether filed electronically or not, letters may not exceed 3 pages in length.  Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

**B.     Telephone Calls.**  Except as provided below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call Chambers at (212) 805-0222 or (212) 805-0107.

**C.     Faxes**. If necessary, faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 20 pages may be faxed without prior authorization. **Do not follow with a hardcopy.** The fax number is (212) 805-7912.

**D.     Docketing, Scheduling, and Calendar Matters.**  For docketing, scheduling and calendar matters, call the Court Clerk, Mr. Don Fletcher at (212) 805-0107 between 9:00 A.M. and 5:00 P.M.

**E.     Requests for Adjournments or Extensions of Time**. All requests for adjournment or extensions of time must be made in writing and filed on ECF as letter-motions. Courtesy copies are no longer accepted.  If a request contains sensitive or confidential information, it may be submitted by fax or mail in lieu of being filed electronically.  The letter-motion must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

**F.**     **Letter-Motions.**  Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions.  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions. Courtesy copies are no longer accepted. Letter-motions, together with any related exhibits, should not exceed 3 pages in length.

**G.**     **Sentencing Submissions.**  Except for submissions to be filed under seal, every document in a sentencing submission, including letters, must be filed on ECF.  Parties should assure that all sentencing submissions filed on ECF are redacted as necessary, and comply with Rule 49.1 of the Federal Rules of Criminal Procedure.  Letters should be grouped and filed together with attachments to a single document marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated.  The defendant is responsible for filing all letters submitted on behalf of the defendant, including those from friends and relatives.  The Government is responsible for filing all letters from victims. Courtesy copies of all sentencing submissions should be provided to the Court promptly after they are filed. Unless otherwise ordered by the Court, courtesy copies should be submitted via email to koeltlnysdchambers@nysd.uscourts.gov.

**H.**     **Urgent Communications.**  As a general matter, materials filed via ECF are reviewed by the Court the business day after they have been filed.  If your submission requires immediate attention, please notify Chambers by telephone or fax after you file via ECF.

**II.     Motions**

**A.**     **Initial Pretrial Conferences.** The parties are expected to confer with each other pursuant to Rule 26(f) of the Federal Rules of Civil Procedure before the initial conference with the Court.  The parties are expected to provide a Rule 26(f) report to the Court before the initial conference.

**B.**     **Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2.  For motions other than discovery motions, a pre-motion conference with the court is required only before making a motion to dismiss, motion to amend or a motion for summary judgment.

**C.**     **Courtesy Copies.**  The moving party should furnish to Chambers **one** courtesy copy of all the motion papers (including papers in opposition to the motion) after the motion has been fully briefed. Each submission related to the motion should be filed on the docket promptly after service, **but the full set of courtesy copies should be furnished to chambers only once the motion is fully briefed.** Courtesy copies of pleadings, marked as such, shall be submitted to Chambers as soon as practicable after filing. Unless otherwise ordered by the Court, courtesy copies should be submitted via email to koeltlnysdchambers@nysd.uscourts.gov. If the Court requests hard copies to be delivered to Chambers, the moving party should note that for documents that are too lengthy to be stapled, the Court has a preference for binding on the side.

2

Velo binding is discouraged. Parties are encouraged to print declarations with lengthy exhibits double sided, but memoranda of law should be single sided.

**D.      Memoranda of Law in Civil Cases.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 7,000 words or fewer, and reply memoranda are limited to 2,800 words or fewer. All memoranda shall contain a certificate signed by counsel stating the number of words in the brief and certifying that the brief complies with these formatting rules. All memoranda shall contain a table of contents and a table of authorities. The cover page, certification of compliance, table of contents, and table of authorities shall not be included in any word count. All memoranda should be double spaced, in legible font, and with reasonable margins. All footnotes must be double spaced and in legible font. Parties should not omit statements of facts from memoranda submitted in connection with summary judgment motions; Local Rule 56.1 statements and supporting affidavits are not substitutes for statements of facts and should not be incorporated by reference.

**E.      Memoranda of Law in Criminal Cases.** There is no limitation with regard to pages or words for memoranda of law in criminal cases.

**F.      Filing of Motion Papers.**  Motion papers shall be filed and served on ECF for all ECF cases. In non-ECF cases, such as Social Security cases and cases in which there is a Pro Se litigant, motion papers shall be filed in the Clerk's Office promptly after service.

**G.      Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**H.      Motion Schedule.**  Unless otherwise stipulated by the Court, the schedule for responses and replies to civil motions shall be that established by Local Civil Rule 6.1.

**III.      Notice of Court Orders and Judgments**

The Court will provide notice of entry of any order or judgment through the Electronic Filing System for all ECF cases. The Court will no longer send facsimile copies of orders or judgments, except in cases which are not ECF cases and in extraordinary circumstances. See Paragraph 10 of the Southern District Procedures for Electronic Case Filing. It remains the duty of the attorney for a party to review regularly the docket sheet of the case.

**IV.      Pretrial Procedures**

**A.      Joint Pretrial Orders**

In accordance with the Scheduling Order adopted by the Court, in all civil cases, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

3

1.  The full caption of the action.

2.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

3.  A brief statement by the plaintiff as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

4.  A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matters but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

5.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

6.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

7.  Any stipulations or agreed statements of fact or law which have been agreed to by all parties.

8.  A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

9.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

10. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.    FLSA Actions**

Parties in FLSA actions that are not collective actions should abide by the Initial Discovery Protocols posted on the website at: https://nysd.uscourts.gov/hon-john-g-koeltl

4

**C.      Employment Cases Alleging Adverse Action**

Parties in employment cases alleging adverse action should abide by the Initial Discovery Protocols posted on the website at: https://nysd.uscourts.gov/hon-john-g-koeltl

**D.      Filings Prior to Trial in Civil Cases**

In accordance with the Scheduling Order adopted by the Court, in all civil cases, each party shall submit prior to the date scheduled for trial:

1.      in jury cases, requests to charge and proposed voir dire questions.  When feasible, proposed jury charges should also be submitted on a  CD-ROM in Word or WordPerfect format;

2.      in non-jury cases, proposed findings of fact and conclusions of law;

3.      in all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

4.      in any case where a party believes it would be useful, a pretrial memorandum.

**V.      Criminal Procedures**

**A.      Presentence Referral/Investigation**

1.      Defense counsel shall promptly schedule with the Probation Department a Pre-Sentence interview of the defendant to occur within fourteen (14) days after the date of the defendant's guilty plea or verdict.

2.      The Assistant United States Attorney shall submit the prosecution case summary to the Probation Department within fourteen (14) days after the date of the defendant's guilty plea or verdict.

3.      Within twenty-eight (28) days of the plea or verdict, the Probation Department will complete its Pre-Sentence interview of the defendant or notify the judge why it was unable to do so.

4.      Fifty-five (55) days after the plea or verdict, the Probation Department will make its initial disclosure of the Pre-Sentence Investigation Report to the parties.

5.      Within fourteen (14) days of the initial disclosure, the parties must provide the Probation Department with any objections to the Pre-Sentence Investigation Report.

5

6.      Twenty-eight (28) days after its initial disclosure, the Probation Department will make its final disclosure of the Pre-Sentence Investigation Report to the parties; and,

7.      The time-table for preparation and completion of Pre-Sentence Investigation Reports is summarized as follows:

| Action | Date Completed |
|---|---|
| Guilty Plea or Verdict and Electronic Notification to Probation | Day 1 |
| Pre-Sentence Investigation Interview Scheduled and Prosecution Case Summary Submitted | Day 14 |
| Pre-Sentence-Investigation Interview Completed | Day 28 |
| Initial Disclosure of the Pre-Sentence Investigation Report | Day 55 |
| Objections by the Parties | Day 69 |
| Final Disclosure of the Pre-Sentence Investigation Report | Day 83 |

**B.    Timetable for Sentencing Submissions to the Court**

1.      Defense submissions to the Court in connection with sentencing should be submitted 14 days prior to the sentencing date.

2.      The Government submissions to the Court in connection with sentencing

6

should be submitted 8 days prior to the sentencing date.

3.      The defense and Government submissions should be filed on ECF after redacting any personal identifying information and any other information that may properly be redacted. The parties should provide the Court courtesy copies of all sentencing submissions. The Court will file copies of the parties' submission in the record under seal along with the Pre-Sentence Report after sentencing.

## VI.    Filings Under Seal

### A.     Electronic Filing Under Seal in Civil and Miscellaneous Cases

#### 1.     Sealing/Redactions Not Requiring Court Approval.

Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court. Such sensitive information includes: Social Security numbers; names of minor children; dates of birth; and financial account numbers.

Other information that should be treated with caution and may warrant a motion for approval of sealed or redacted filing includes: personal identifying numbers (PIN numbers); medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; home addresses; and information regarding an individual's cooperation with the government.

Sensitive information and information requiring caution must not be included in any document filed with the Court unless such inclusion is necessary and relevant to the case. If such information must be included, personal identifiers must be  partially redacted in accordance with the above-cited rules and policies in order to protect any privacy interest.

#### 2.     Sealing/Redactions Requiring Court Approval.

Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

7

The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal. Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

The party seeking leave to file sealed or redacted materials should meet and confer with any opposing parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

## VII.   Default Judgment Procedures

### A. Remote Procedures

The plaintiff shall:

1.    File a proposed Certificate of Default and supporting declarations on ECF to obtain a Clerk's Certificate of Default.

For the most up to date instructions, refer to Section 16.1 of the SDNY Electronic Case Filing Rules & Instructions, available at: https://nysd.uscourts.gov/rules/ecf-related-instructions

8

2.     After the Clerk's Office issues a Certificate of Default, electronically file on ECF the following documents:

        i.     A proposed Order to Show Cause;

        ii.     An attorney's affidavit stating why a default judgment is appropriate; and

        iii.     A proposed default judgment plus statement of damages.

3.     The proposed Order to Show Cause should contain the following text:

"The defendants shall respond in writing to this Order to Show Cause for a default judgment by _____. If the defendants fail to respond by that date, judgment may be entered against them and the defendants will have no trial. The plaintiff may reply by _____.

The plaintiff shall serve a copy of this Order to Show Cause by _____ and shall file proof of service by _____.

No personal appearances are required in connection with this Order to Show Cause."

9