UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIAN XIN ZHANG, ET AL.,

                Plaintiffs,

     - against -

GREAT SICHUAN ON 3RD AVE, INC., et al.,

                Defendants.

15-cv-4558 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

On October 5, 2022 the plaintiffs moved for a default judgment against defendants Great Sichuan on 3rd Ave., Inc., d/b/a/ "Great Sichuan," Great Sichuan 363 Inc., d/b/a "Great Sichuan," Peter He, Ruo Peng Wang, Chao Yang Yin (the "Five Defaulting Defendants"). While the plaintiffs have not obtained certificates of default against the Five Defaulting Defendants from the Clerk of Court, the Five Defaulting Defendants have failed to participate in the litigation of this case including participating in the preparation of a joint pre-trial order. The Five Defaulting Defendants have also not responded to the motion for a default judgment and the time to respond to the motion has long passed.[1]

---

[1] On September 28, 2022, the Court entered an Order finding that the plaintiffs were entitled to a default judgment against defendants Run Lu Zhuai and Chang Guo Yang against whom the Clerk of Court had entered certificates of default. ECF No. 176. The Court stayed an inquest on damages pending a decision on the status of the remaining defendants. Id.

Although the Five Defaulting Defendants have answered the amended complaint, they have "failed to plead or otherwise defend" this case. Fed. R. Civ. P. 55(a). The Court of Appeals for the Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 454 (2d Cir. 2013). Thus, the Court of Appeals for the Second Circuit has held it permissible to "impose a default against a defendant who has filed an answer" in cases where the defendant has otherwise not defended the case. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130-31 (2d Cir. 2011); see also Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (imposing a default against a defendant who filed an answer but failed to appear for trial, and cited with approval in both Mickalis and Guggenheim).

In this case, although the Five Defaulting Defendants answered the amended complaint in 2016, ECF No. 28, none of those defendants signed the most recent proposed Joint Pre-Trial Order, filed on July 18, 2022. ECF No. 172. In 2018, this Court denied in large part motions for summary judgment by the plaintiffs and defendants. ECF No. 93. After the Court's decision on the parties' respective motions for summary judgment, the case has largely failed to proceed.

On March 21, 2019, the counsel for defendants Great Sichuan on 3rd Ave., Great Sichuan 363 Inc., and Ruo Peng Wang withdrew

2

from this case. ECF No. 116. The two corporate defendants have not appeared by counsel after the withdrawal of their most recent counsel. Corporations must be represented by counsel. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("[A] corporation, which is an artificial entity that can act only through agents, cannot proceed pro se."). Because corporations must be represented by counsel, "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." Sec. & Exch. Comm'n v. Rsch. Automation Corp., 521 F.2d 585, 589 (2d Cir. 1975).

On April 25, 2019, counsel for the plaintiffs submitted a letter informing the Court that defendants Peter He and Chao Yang Yin "have largely failed to participate in any court proceedings" after their counsel withdrew from their representation. ECF No. 120.

On April 12, 2019, one defendant, Ruo Peng Wang, signed a Joint Pre-Trial Order. ECF No. 118. However, on June 16, 2022, this Court ordered the plaintiffs to file an amended pre-trial order. ECF No. 163. The plaintiffs filed a new pre-trial order on July 18, 2022, to which none of the Five Defaulting Defendants, including Ruo Peng Wang, was a signatory. ECF No. 172.

After counsel for several of the Five Defaulting Defendants withdrew, all of those defendants with the exception of Wang have failed to appear in or otherwise defend this case. See, e.g., ECF No. 135 (detailing a November 2019 status conference held only between the plaintiffs' counsel and Ruo Peng Wang). Wang has filed a notice of pro se appearance in this case after the withdrawal of his counsel and has also requested interpretation and translation services. ECF Nos. 114, 115.

In November 2022, the Court held a conference to determine the status of this case, in which none of the Five Defaulting Defendants, including Wang, made an appearance. ECF No. 173.

Most recently, the plaintiff filed a Joint Pre-Trial Order in which none of the Five Defaulting Defendants joined. ECF No. 118. Therefore, on October 5, 2022, the plaintiffs moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(a) against the Five Defaulting Defendants on the grounds that those defendants have failed to participate in or otherwise defend this action. None of the Five Defaulting Defendants have opposed that motion.

Therefore, the plaintiffs are entitled to a default judgment against defendants Great Sichuan on 3rd Ave., Inc., d/b/a/ "Great Sichuan," Great Sichuan 363 Inc., d/b/a "Great Sichuan," Peter He, and Chao Yang Yin, because those defendants

have long failed to participate in, or otherwise defend, this action after the withdrawal of their counsel.

However, although defendant Ruo Peng Wang failed to respond to the plaintiffs' motion for a default, his status is unclear because he signed the initial joint pre-trial order, has filed a notice of pro se appearance, and has otherwise indicated his intention to defend this case. Accordingly, a conference is scheduled for **February 2, 2023** at **3:00 p.m.** to determine the status of this case with respect to Ruo Peng Wang. The plaintiffs and defendant Ruo Peng Wang are required to attend this conference. If defendant Ruo Peng Wang fails to participate in that conference, the motion for a default judgment against him will be granted.

**CONCLUSION**

The motion for a default judgment against defendants Great Sichuan on 3rd Ave., Inc., d/b/a/ "Great Sichuan," Great Sichuan 363 Inc., d/b/a "Great Sichuan," Peter He, and Chao Yang Yin is **granted**. The inquest on damages is **stayed** pending a final determination on the status of Ruo Peng Wang, the remaining defendant.

The plaintiffs and defendant Ruo Peng Wang are directed to appear for a conference by telephone in connection with the motion for default on **February 2, 2023** at **3:00 p.m.** The plaintiffs are directed to serve a copy of this Order on the

Five Defaulting Defendants, including Ruo Peng Wang, at their last known addresses, and proof of service should be filed promptly thereafter.

Details for the **February 2, 2023** conference are as follows:

Dial-in: 888-363-4749, with access code 8140049.

**SO ORDERED.**

**Dated:    New York, New York
           January 23, 2023**

/s/ John G. Koeltl
John G. Koeltl
United States District Judge