**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JIAN XIN ZHANG, *et al.*,

                                  Plaintiffs,

                  -against-

GREAT SICHUAN ON 3RD AVE. INC. D/B/A
"GREAT SICHUAN", GREAT SICHUAN 363
INC., D/B/A "GREAT SICHUAN", RUN LU
ZHUAI, CHANG GUO YANG, PETER HE,
RUO PENG WANG, CHAO YANG YIN, JOHN
DOE, AND JANE DOE # 1-10,

                                Defendants.
-----------------------------------------------------------------X

                          **REPORT &**
                   **RECOMMENDATION**

               **15-CV-4558 (JGK) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge**

**to the Honorable John G. Koeltl, United States District Judge:**

## BACKGROUND

      Plaintiffs Jian Xin Zhang, Hua Long Yang, Rui Sen Zhao, Cheng Min Yang, Jian Qiang Du, Yu Bao Zhao, Guo Yue He (collectively "Plaintiffs") initiated the instant case on June 11, 2015. In their Complaint, Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and its New York state counterpart, New York Labor Law ("NYLL"). Dkt. No. 1, at 1. On February 2, 2024, this Court issued a report and recommendation recommending the granting of Plaintiffs' motion for default judgment against the Defendants. Dkt. No. 196. Judge Koeltl adopted the report and recommendation and informed plaintiffs that they "may apply for attorney's fees and costs after entry of judgment in accordance with Federal Rule of

1

Civil Procedure 54(d)." Dkt. No. 197, at 2. Now, Plaintiffs ask the Court to grant their

motion for attorneys' fees and costs as the prevailing party in accordance with the

FLSA. Dkt. No. 200. The Plaintiffs request $113,590.00, pursuant to the lodestar

method of fee calculation, plus expenses of $1,225.30. Dkt. No. 206, at 2.

## LEGAL STANDARD

"Under both the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL"), prevailing Plaintiffs are entitled to an award of reasonable attorney's

fees and costs." Martinenko v. 212 Steakhouse, Inc., No. 22-CV-00518 (JLR), 2024

WL 5199792 at *6 (S.D.N.Y. Dec. 23, 2024) (quoting Solano v. Andiamo Café Corp.,

No. 19-CV-03264 (SN), 2021 WL 2201372, at *1 (S.D.N.Y. June 1, 2021)).

The Second Circuit applies the lodestar analysis to determine whether the

attorneys' fees sought are reasonable. Millea v. Metro-N. R.R. Co., 658 F.3d 154, at

*166 (2d Cir. 2011). "The lodestar method determines a 'presumptively reasonable

fee' that is the 'product of a reasonable hourly rate and the reasonable number of

hours required by the case.'" Id. (citation omitted). Martinenko, 2024 WL 5199792, at

*7. To determine a reasonably hourly rate, courts consider a number of factors known

as the Johnson factors which include:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions involved; (3) the skill required to properly perform the
> relevant services; (4) the preclusion of other employment attendant to
> counsel's acceptance of the case; (5) the customary fee; (6) whether the
> fee is fixed or contingent; (7) the time limitations imposed by the client
> or the circumstances; (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) fee awards in similar

cases. <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-719 (5th Cir. 1974).

"A district court need not recite and make separate findings as to all twelve Johnson factors, provided that it takes each into account in setting the attorneys' fee award." <u>S.C. v. N.Y.C. Dep't of Educ.</u>, 2024 WL 3518522, No. 23-CV-.1266 (LGS), at *4 (S.D.N.Y. July 24, 2024); <u>S.W. ex rel. A.W.</u>, 2023 WL 5803415 at *4; *see,* e.g., <u>Alston as Tr. Of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc.</u>, No. 23-CV-1739 (PAE), 2023 WL 4157186, at *2 (S.D.N.Y. June 23, 2023).

Finally, "When evaluating the reasonableness of hours billed, courts must make a 'conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" <u>Martinenko v. 212 Steakhouse, Inc.</u>, No. 22-CV-00518 (JLR), 2024 WL 5199792 at *12 (S.D.N.Y. Dec. 23, 2024) (*quoting* <u>Haley v. Pataki</u>, 106 F.3d 478, 484 (2d Cir. 1997) (*quoting* <u>Lunday v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam)).

## DISCUSSION

### I.    Prevailing Party

The FLSA and NYLL allows prevailing employees to collect a reasonable attorney's fee. *See* <u>Kahlil v. Original Old Homestead Rest., Inc.</u>, 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) In their Amended Memorandum of Law in Support of Motion, Plaintiffs state that they, "are the prevailing party by virtue of Defendants' default." Dkt. No. 206, at 2.; *See* <u>Cabrera v. City Scrap Metal, Inc.</u>, No. 21-CV-5601 (RPK) (CLP), 2022 WL 17779151 at *22-23 (E.D.N.Y. July 22, 2022) (holding that "because defendants have defaulted, plaintiff is a prevailing party and therefore should receive

3

an award of reasonable attorney's fees and costs."). Default judgment was entered on March 15, 2024. Dkt. No. 197. Thus, Plaintiffs are the prevailing party and are entitled to reasonable attorneys' fees.

## II. Reasonableness of the Hourly Rates

### a. Overview of Hours and Rates Sought

Plaintiffs state numerous grounds to support their requested fee amount. First, they argue that counsel expended a reasonable amount of time. Dkt. No. 206, at 3. Second, that the requested hourly rates are reasonable in light of counsel's significant experience, good reputation, and proven ability in FLSA cases. Dkt. No. 206, at 5-7. Third, that public policy favors compensating Plaintiffs' counsel adequately. Dkt. No. 206, at 8-9. Lastly, that attorney's fee award need not be proportional to damages. Dkt. No. 206, at 10. In sum, they argue the hourly rate for an attorney should reflect "what a reasonable, paying client would be willing to pay." Arbor Hill, 522 F.3d at *184.

Plaintiff relies on the lodestar method to calculate total attorneys' fees in the amount of $113,590.00 and costs of $1,225.30. Dkt. No. 206, at 2. In the Declaration of Attorney Ge Qu In Support of Motion for Attorney's Fees ("Declaration"), Plaintiff documents that from June 2016 to March 2024, a team of eleven attorneys and two law clerks from, Hang & Associates, PLLC billed 372.00 hours. Dkt. No. 201, at 2. Jian Hang billed 50.30 hours at a rate of $350 per hour, Ge Qu billed 4.10 hours at a rate of $325 per hour, Guofeng Li billed 95.50 hours at a rate of $300, Keli Liu billed 94.30 hours at a rate of $300, Paul Mendez billed 41.50 hours at a rate of $300,

Zhangyuxi Wang billed 30.40 hours at a rate of $300, Shan Zhu billed 20.50 hours at a rate of $300, Ken H. Maeng billed 11.90 hours at a rate of $300, William Brown billed 7.40 hours at a rate of $300, Ziyi Gao billed 0.9 hours at a rate of $300, Sidney Li billed 0.9 hours at a rate of $30, Yu Zhang billed 11.70 at a rate of $200, and finally Ge Yan billed 2.60 hours at a rate of $150. Dkt. No. 201, at 2.

The Memorandum provides a detailed account not only of the billable hours and rates for each lawyer, but also includes biographical backgrounds for each attorney, explaining their expertise relating to the specifics they billed for.

### b.  Reasonable Hourly Rates

"A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" <u>Martinenko v. 212 Steakhouse, Inc.</u>, No. 22-CV-00518 (JLR), 2024 WL 5199792, at *8 (S.D.N.Y. Dec. 23, 2024) (quoting <u>Farbotko v. Clinton County Of New York</u>, 433 F.3d 204, at *209 (2d Cir. 2005)). Since this standard depends on the particular case, courts turn to the aforementioned <u>Johnson</u> factors to determine reasonableness.

While the inquiry into a prevailing market rate for counsel is a "case-specific inquiry" focusing on counsel of similar experience and skill to counsel in the current case, the inquiry may "include judicial notice of the rates awarded in prior cases." *See* <u>Farbotko v. Clinton County Of New York</u>, 433 F.3d 204, at *209. Generally, "courts within the Southern District of New York award fees for rates between $250.00 and $450.00 per hour in FLSA cases." <u>Neung Ki Lee v. Mani & Pedi Inc.</u>, No. 20-CV-10787

(JCM), 2022 WL 3645118, at *11 (S.D.N.Y. Aug. 24, 2022). *See also* Alfaro v. Saba Live Poultry Corp. I, No. 23-CV-1102 (RA) (KHP), 2024 WL 2112878, at *16 (S.D.N.Y. May 6, 2024).

In the SDNY, courts have previously awarded Mr. Hang a rate of $350 per hour for his work. *See, e.g.* Young Min Lee v. New Kang Suh, Inc., No. 17-CV-9502 (PED), 2023 WL 2024805, at *4 (S.D.N.Y. Feb. 15, 2023); Yaoxing Xu v. Mapo Tofu Food Corp., No. 1:17-cv-09087-GHW, 2019 WL 13221436, at *3 (S.D.N.Y. Aug. 1, 2019); Mei Chun Poon v. Apple NYC Corp., No. 17-CV-9647 (RA)(GWG), 2019 WL 75674, at *12 (S.D.N.Y. Jan. 2, 2019); Ming Hui v. Shorty's Seafood Corp., No. 15-CV-7295 (RJD) (ST), 2017 WL 5054401, at *12 (E.D.N.Y. Sept. 6, 2017); Qiu Hua Tan v. Voyage Express Inc., No. 15-CV-6202 (RJD) (RML), 2017 WL 2334969, at *9 (E.D.N.Y. May 25, 2017); Zhen Ming Chen v. New Fresco Tortillas Taco LLC., No, 15-CV-2158 (RA) (AJP), 2015 WL 5710320, at *10 (S.D.N.Y. Sept. 25, 2015). Thus, there is precedent showing that the $350 per hour fee requested is an appropriate award for Mr. Hang. Mr. Hang's requested rates is identical to the rate previously granted in similar wage-and-hour disputes.

Regarding the rates charged by those working in less senior roles than Mr. Hang, in February 2023, a Court in this District found $300 to be the appropriate rate for Ge Qu. The requested rate of $325, two years later, is reasonable to account for expertise gained and for inflation. Young Min Lee v. New Kang Suh, Inc., No. 17-CV-9502 (PED), 2023 WL 2024805, at *4 (S.D.N.Y. Feb. 15, 2023). In February 2023 this District found $275 was appropriate for Ken Maeng. $300 is therefore reasonable.

Applying the same formula, Shan Zhu, who was awarded $250 in 2023, should be awarded a rate of $275 rather than the $300 sought. Zhangyuxi Wang, who was awarded a rate of $200 in 2023, should be awarded a rate of $225 rather than the $300 sought. Lastly, Ziyi Gao, who was awarded a rate of $250 in 2023, should be awarded a rate of $275 rather than the $300 sought. Young Min Lee, 2023 WL 2024805, at *4.

While the remaining five attorneys all request rates of $300, only two have demonstrated the experience to justify an award that high. In this District, "courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour" Lopez v. Emerald Staffing, Inc., No. 18-CV-2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020).

Based upon their documented expertise and experience in FLSA employment and labor litigation, both Kelly Liu and William Brown should be entitled to a rate of $300 per hour. *see* Declaration. In regard to Keli Liu, "Ms. Liu has litigated...over fifty-four (54) [wage-and-labor cases] in the Southern District of New York". Dkt. No. 201, at 4. Awards by this court to litigators in similar circumstances show that the requested rate by Liu fairly compensates her for her robust litigation experience in such matters. William Brown "has been practicing in the field of labor and employment law for over seven years, and he has litigated wage-and-hour actions in the Southern and Eastern Districts of New York." Dkt. No. 201, at 7. In this way, the Declaration establishes that a rate of $300, for experienced wage-and-hour attorneys, is appropriate for both Liu and Brown.

For the remaining three attorneys the $300 rate sought is too high given the lack of experience detailed in the <u>Declaration</u>. Thus, Guofeng Li, Paul Mendez, and Sidney Li should all be awarded a rate of $275, which falls within the broad range established by courts in this District in cases like <u>Lee</u> and <u>Alfaro</u> and reflects their limited experience in similar FLSA cases. First, Guofeng Li only worked at Hang & Associates for one year and graduated law school in 2021. Dkt. No 201, at 3. Second, nothing in the <u>Plaintiff's Declaration in Support of the Memorandum</u> suggests that Paul Mendez has any significant experience in these types of cases. Finally, the Declaration omits any mention of how long Sidney Li has been practicing law, specifically in regard to FLSA and labor disputes litigation. Dkt. No. 201, at 7.

Both law clerks, Yu Zhang and Ge Yan, should be awarded a rate of $150. In this District rates for paralegals of $100 to $150 per hour are standard. *See* <u>Perez v. Rossy's Bakery & Coffee Shop, Inc.</u>, 2021 WL 1199414, at *29 (S.D.N.Y. Mar. 30, 2021); <u>Tatum v. City of New York</u>, No. 06-CIV-4290 (PGG) (GWG), 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010).

### c. Reasonable Hours Expended

When determining whether the hours billed by the attorney is reasonable, courts look to "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992). Plaintiff has provided a record demonstrating that Hang & Associates PLLC expended 372 hours on the litigation. In this District courts have determined the "high-end amount of hours spent" on a wage-and-hour case "is no

more than 55 hours total." <u>Maldonado v. La Nueva Rampa, Inc.</u>, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *14 (S.D.N.Y. May 14, 2012. The roughly nine years of litigation in this case is not through the fault of Plaintiffs but can be explained by the high frequency of attorney withdrawals and substitutions on the part of Defendants. While the hours are well documented, like similar wage-and-hour cases litigated by the same firm, "the total number of hours expended is excessive for a relatively straightforward wage-and-hour case, and warrants reduction for several reasons." <u>Young Min Lee v. New Kang Suh, Inc.</u>, 2023 WL 2024805, at *8.

First, the billing records are full of entries related to administrative work. On September 29, 2022 their record of billing reads, "Mark calendar re deadlines." Dkt. No. 201, Ex. 1 at 19. On 10/05/22 the record reads, "put stamp on envelope." Dkt. No. 201, Ex. 1 at 19. On 01/24/23 the record reads, "go to main street to put the mail in the mailbox." Dkt. No. 201, Ex. 1 at 20. These are not the only examples, as the billing records are rife with mundane tasks such as those.

Similarly, within the 372 total hours billed, there were over 180 documented entries for simply reviewing court filings, orders, or motions from opposing counsel. Dkt. No. 201. These entries were both vague, with little description as to what reviewing entailed, and excessive, which necessitates "trimming fat." While courts in this District have found that reviewing litigation documents is an appropriate task, the sheer volume and vagueness of those entries in this particular litigation, warrants a reduction of hours. <u>Montalvo v. Paul Bar & Rest. Corp.</u>, No. 22-CV-01423 (JLR), 2023 WL 5928361, at *6 (S.D.N.Y. Sept. 13, 2023).

The billing records reflect document 236 0.1-hour entries. These 0.1-hour intervals have been used by the firm when billing for things such as scanning information, or marking the calendar. Dkt. No. 201, Ex. 1. While 0.1 is a small increment that could exemplify Hang & Associates firmwide attention to detail in their billing, the excessive usage of such an increment adds up to quite a significant number of hours over time. Courts in this circuit have found that billing 0.1 hours for each brief, trivial task is an inflationary billing tactic that results in excessive billing." Torres v. Sushi Sushi Holdings, Inc., No. 19-CV-2532, 2022 WL 2788655, at *19 (S.D.N.Y. July 15, 2022).

"[T]he Second Circuit has recognized, 'district courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work).'" Torres, 2022 WL 2788655, at *16.  Within the SDNY, "courts have applied percentage reductions to hours worked on a simple legal question, block billing, hours worked for limited success at trial, vague or inconsistent time entries, and unnecessary or inefficient hours worked." Mango v. BuzzFeed, Inc., 397 F. Supp. 3d 368, 374-75 (S.D.N.Y. 2019); *see also* Montalvo v. Paul Bar & Rest. Corp., No. 22-CV-01423 (JLR), 2023 WL 5928361, at *6 (S.D.N.Y. Sept. 13, 2023); Ortiz v. City of New York, 843 F. App'x 355, 360 (2d Cir. 2021); Safranek v. Wormuth, No. 23-CV-5985 (JCM), 2024 U.S. Dist. LEXIS 230376, at *16-17 (S.D.N.Y. Dec. 19, 2024.)

In sum, the billing record demonstrates vague, excessive, and superfluous billing for mundane tasks over an extended period of time which, the Court deems unreasonable, necessitating a reduction of total billed hours by 20%, for an updated total of 297.6 hours. "Rather than engaging in itemized deductions, the Court will reduce the fee award requested…for excessiveness, vagueness, and inclusion of unrelated and/or purely administrative tasks." Coker v. Goldberg & Assocs. P.C., No. 21-CV-01803 (JLR), 2024 WL 2274035, at *11 (S.D.N.Y. May 20, 2024). This is a straightforward wage-and-hour case that has gone on for almost a decade.  After wading through the puffery to calculate the revised award of attorneys' fees by considering the reduced rates and total time expended, the dollar amount that the Court should grant is **$84,648.** Additionally, the requested expenses of $1,225.30 should also be reduced by 20% to **$980.24.** A chart detailing the Court's recommendation is provided below.

11

| Name | Requested Rate | Requested Hours | Recommended Rate | Recommended Hours | Recommended Total |
|---|---|---|---|---|---|
| Jian Hang | $350 | 50.30 hrs | $350 | 40.24 hrs | $14,084 |
| Ge Qu | $325 | 4.10 hrs | $325 | 3.28 hrs | $1,066 |
| Guofeng Li | $300 | 95.50 hrs | $275 | 76.40 hrs | $21,010 |
| Keli Liu | $300 | 94.30 hrs | $300 | 75.44 hrs | $22,632 |
| Paul Mendez | $300 | 41.50 hrs | $275 | 33.20 hrs | $9,130 |
| Zhangyuxi Wang | $300 | 30.40 hrs | $225 | 24.32 hrs | $5,472 |
| Shan Zhu | $300 | 20.50 hrs | $275 | 16.40 hrs | $4,510 |
| Ken H. Maeng | $300 | 11.90 hrs | $300 | 9.52 hrs | $2,856 |
| William Brown | $300 | 7.40 hrs | $300 | 5.92 hrs | $1,776 |
| Ziyi Gao | $300 | 0.9 hrs | $275 | 0.72 hrs | $198 |
| Sidney Li | $300 | 0.9 hrs | $275 | 0.72 hrs | $198 |
| Yu Zhang | $200 | 11.70 hrs | $150 | 9.36 hrs | $1,404 |
| Ge Yan | $150 | 2.60 hrs | $150 | 2.08 hrs | $312 |
| **Total** | | **372** | | **297.6** | **$84,648** |

## **RECOMMENDATION**

While holistically speaking Plaintiffs have generally addressed all the <u>Johnson</u> factors in their Memorandum, their attorney rates are too high and the time expended on the litigation too long for a matter of this nature. For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for attorneys' fees

and costs be granted, and that Plaintiffs' counsel be awarded $84,648 in fees and $980.24 in costs and expenses.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections shall be filed with the Clerk of Court and on ECF. Any requests for an extension of time for filing objections must be directed to Judge John G. Koeltl. **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review**. *See* Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

SO ORDERED.

DATED:    New York, New York
          February 7, 2025

                                        *Jennifer E. Willis*
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge